## WINTERS & CRAMPTON MFG. CO. v. GRAND RAPIDS BRASS CO.

## GRAND RAPIDS BRASS CO. v. WINTERS & CRAMPTON MFG. CO.
Nos. 6107, 6108.

Circuit Court of Appeals, Sixth Circuit.
Jan. 17, 1933.

F. E. Liverance, Jr., of Grand Rapids, Mich., for Winters & Crampton Mfg. Co.

Wm. C. Rice, of Grand Rapids, Mich. (C. W. Rice, of Grand Rapids, Mich., on the brief), for Grand Rapids Brass Co.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

MOORMAN, Circuit Judge.

The patents in suit are No. 1,648,249 for a hinge and No. 1,710,321 for a furniture fixture. Suit was brought for infringement of the hinge patent by Winters & Crampton Manufacturing Company. The defendant, the Grand Rapids Brass Company, defended on the ground of invalidity and noninfringement and by counterclaim charged infringement of the patent for the furniture fixture. The court held that the hinge patent was invalid and that the patent for the furniture fixture was not infringed by the plaintiff's device, dismissing both the bill and the counterclaim.

■ The Winters patent covers a simple device designed especially for refrigerator and other heavy doors. It consists of a plate of metal to be attached to the jamb, a larger plate to be attached to the door, ears extending outwardly from the jamb plate between which ears provided on the flanges of the door plate will lie, and a pivoting point made by a pin passing through the two sets of ears. The plate member attached to the door is extended inwardly at right angles over the pin a distance equal substantially to the width of the ears of that member.

Invention is claimed upon the ground of the inclusion in the combination of the inwardly extended portion of the door plate. It is said that this extended portion bearing at its ends upon the ears of the jamb plate gives reinforcement and strength to the hinge combination. Conceding that that is true, we are unable to see where there is invention over the prior uses shown in the evidence. Epstein No. 657,267 combined substantially all the elements of the structure in a hinge for a match box; and many years prior to the patent application the Grand Rapids Company manufactured and sold the type of hinges introduced in evidence as Exhibits DD, G, and U. The door plate of these hinges turned inwardly at right angles for a distance substantially as great as the width of the ears on that member. It is true that these hinges were made of cast metal and the Winters & Crampton plates are made of stamped metal, but there is nothing in the patent claims or specifications limiting the plate members to such metal. Besides, it would not be invention to substitute stamped metal members for cast members. Columbia Metal Box Co. v. Halper (C. C. A.) 220 F. 912; Chicago Pneumatic Tool Co. v. Keller, etc., Co. (C. C. A.) 293 F. 945; Sparks-Withington Co. v. A. E. Laboratories (C. C. A.) 3 F.(2d) 539. The most that can be said for the patented device is that it differs slightly in the extension of the terminal flange on the larger plate from similar extensions in the older devices. The degree of this difference in structure and results is too slight, in our opinion, to amount to invention. Smith v. Nichols, 21 Wall. 112, 119, 22 L. Ed. 566; Burt v. Evory, 133 U. S. 349, 358, 10 S. Ct. 394, 33 L. Ed. 647; Railroad Supply Co. v. Elyria Iron & Steel Co., 244 U. S. 285, 292, 37 S. Ct. 502, 61 L. Ed. 1136.

■ The patent relied upon in the counterclaim relates to fixtures adapted for mounting on articles of furniture, particularly such fixtures as hinges, locks, and latches, and its object is to provide a fixture so formed as not to mar or deface the surface of the article upon which it is mounted. It consists of a plate or member with a marginal edge extending outwardly at a slight angle from the portion through which the screws are driven a sufficient distance to prevent the scarring or marring of the base at the edge of the plate, and yet concealing from view the point where the plate is brought in contact with the base by the fastening screws. The Winters & Crampton plate is not constructed with a tilted edge but is designed to lie flat against the base. The contention of the patentee is, however, that being made of stamped metal with a marginal edge extending outwardly from the screw holes, it necessarily infringes because stamped sheet metal is resilient, and in fastening the plate to the base the pressure of the screws causes the marginal edges to tilt upwardly at a slight angle and thus effect infringement. Whatever may be the effect of the application of screws to a stamped metal plate, the Winters & Crampton device does not infringe, for the single claim of the brass company's patent is to be construed as calling for a plate having a "marginal edge portion extending outwardly * * * at * * * a slight acute angle" as constructed and not as forced by the fastening screws. To construe it as covering the use of all stamped metal plates fastened to a base where the point of fastening is not upon the edge of the plate but is some distance therefrom would render the patent invalid. William

patent, 952,059. We do not determine whether it is valid within the limitation indicated. It is sufficient that as so limited the Winters device does not infringe.

The decree is affirmed.